UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES  DIVISION

| | |
|---|---|
| **CLARENCE ALEXANDER FRITZ**<br>      **FED. REG. #43469-265**<br>**VERSUS**<br><br>**JOE P. YOUNG, WARDEN, ET AL** | **CIVIL ACTION NO.  2:11-CV-1766**<br>**SECTION P**<br>**JUDGE TRIMBLE**<br>**MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *habeas corpus* petition filed by *pro se* petitioner Clarence Alexander Fritz pursuant to 28 U.S.C. §2241 on September 23, 2011.  Doc. 1.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE).  He is presently detained at the Federal Detention Center, Oakdale, Louisiana (FCIO).  As defendants, petitioner names FCIO Warden Joseph P. Young; ICE Field Office Director (FOD) New Orleans District, Phillip Miller; DHS Secretary Janet Napolitano; and United States Attorney General Eric Holder.  *Id.*

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §2241 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

### *Statement of the Case*

Petitioner states that he entered the United States as a non-immigrant visitor on December 25, 2000.  Doc. 1, p. 3.  On September 10, 2007, he pled guilty to the felony offense of issuing worthless checks and was sentenced to three years probation.  *Id.* at p. 4.  On May 21, 2008, petitioner pled guilty to bank fraud and he was sentenced to ten years at hard labor which

was suspended and he was placed on five years of supervised probation. *Id.* at Att. 1, p. 2. On March 16, 2009, petitioner was taken into ICE custody. *Id.* at p. 4. At his probation revocation hearing, petitioner states that he stipulated that he had violated the terms of his probation. On December 16, 2009, his probation was revoked and he was sentenced to serve two years of hard labor with the Louisiana Department of Corrections. *Id.* Petitioner states that on July 12, 2010, he again pled guilty to bank fraud and was sentenced to four years probation. *Id.*

Thereafter, petitioner filed a motion to vacate, set aside sentence/conviction in the 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana. *Id.* at Att. 1, p. 2. The Louisiana State Court construed the motion as an application for post-conviction relief and on July 28, 2011, ordered an evidentiary hearing to be held on October 10, 2011. *Id.* at Att. 1, pp. 2-4. That court also ordered that "the warden of the Federal Detention Center in Oakdale, Louisiana produce Clarence Alexander Fritz in this Court on the aforementioned hearing date unless otherwise notified by this Court." *Id.* at Att. 1, p. 4.

On September 23, 2011, petitioner filed the present *habeas corpus* petition pursuant to 28 U.S.C. §2241. Herein, petitioner asserts that his custodians are unwilling to transfer him to the state court for the evidentiary hearing. As a result of the above, petitioner asks this court to order the defendants to transfer him to the 22nd Judicial District Court for the evidentiary hearing. *Id.* at p. 7.

## *Law and Analysis*

Petitioner filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241. *Habeas corpus* petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir.2000). In the present matter, petitioner is not contesting the manner in which his sentence is being

executed. Rather, he is asking this court to order either the BOP or ICE to transport him to a state court hearing pursuant to an order issued by the state court.

Federal agencies are not bound by state court orders. As previously stated, petitioner is in the custody of ICE. As such, the area ICE Field Office Director (FOD) has general responsibility for petitioner and has broad discretion regarding his release to state or local authorities. Pursuant to sections 236(c) and 241(a)(2) of the INA, 8 U.S.C. §§ 1226, 1231, certain criminal aliens are precluded from release from ICE detention. The FOD will consider requests for release of such criminal aliens in consultation with the local Office of Chief Counsel and determine what, if any, release decision may be made. ICE reserves the right not to honor a state court writ, or other request for an alien's release. For example, ICE may decline a request where compliance with the writ would conflict with an ICE enforcement mission, such as the alien's imminent removal from the United States or transfer of an alien elsewhere within the United States.

In sum, petitioner's §2241 petition for *habeas corpus* filed in this court is not the proper process to seek transfer from ICE custody to the state court for an evidentiary hearing.

Accordingly,

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2241be **DISMISSED WITHOUT PREJUDICE** as this court cannot grant the relief requested by petitioner.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 30th day of January, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE